THE BOARD OF EDUCATION OF THE CITY OF CHICAGO, Plaintiff-Appellant, *v.* CHICAGO TEACHERS UNION, LOCAL NO. 1, AMERICAN FEDERATION OF TEACHERS, AFL-CIO, *et al.*, Defendants-Appellees.

First District (4th Division)   No. 78-1772

Opinion filed March 6, 1980.

Michael J. Murray, of Chicago (Richard E. Girard and John L. Wren, of counsel), for appellant.

Lawrence A. Poltrock, of Chicago (DeJong, Poltrock & Giampietro, of counsel), for appellees.

Mr. PRESIDING JUSTICE LINN delivered the opinion of the court:

Plaintiff, Board of Education of the City of Chicago (Board), appeals from an order of the circuit court of Cook County that dismissed the Board's action to vacate an arbitration award in favor of defendant, Magnolia DaBrien, and confirmed the arbitration award in the amount of $34,936.10. On appeal, the Board contends (1) that the arbitration of DaBrien's grievance resulted in an unlawful delegation of the Board's authority to fix the salaries of its employees; and (2) that DaBrien's recovery under the Workmen's Compensation Act (Ill. Rev. Stat. 1973, ch. 48, par. 138.1 *et seq.*) barred her claim for breach of the collective bargaining agreement.

We affirm the trial court.

The facts of the case are not in dispute. While DaBrien was employed by the Board as a teacher at the Wendell Smith Elementary School, she was assaulted by an unknown assailant on April 16, 1974. As a result of her injuries, DaBrien did not resume teaching duties until September 1, 1976. In the interim period, she was hospitalized on five separate occasions.

On April 7, 1975, DaBrien filed a claim with the Illinois Industrial Commission seeking workmen's compensation benefits for the injuries sustained as a result of the assault. On November 18, 1975, a commission arbitrator awarded DaBrien $16,453.12, finding that she was entitled to 64 weeks temporary total disability at the rate of $100.90 per week and that she had sustained an industrial loss of use of her right arm to the extent of 62½ percent. The Board was given credit for sums already paid but did not request statutory credit for salary paid pursuant to section 8(j) of the Act. (Ill. Rev. Stat. 1973, ch. 48, par. 138.8(j).) The Board petitioned to review the award of the commission arbitrator, and the Industrial Commission affirmed the award. The decision of the Industrial Commission was then considered on administrative review by the circuit court of Cook County, where it was affirmed.

On May 24, 1974, defendant Chicago Teachers Union (Union), on behalf of DaBrien, filed a grievance under article 44—8 of the collective bargaining agreement entered into by the Union and the Board. Article 44—8 states:

"Teachers or other bargaining unit members whose absences result from school-related assaults shall be paid full salary and medical expenses by the Board and no deduction shall be made from sick leave."

Thereafter, the Board paid DaBrien her full salary from April 16 until the end of the 1973-74 school year. The Board also paid all medical expenses.

On October 29, 1974, the Union filed another grievance on DaBrien's behalf, contending that the Board, in violation of article 44—8 of the collective bargaining agreement, refused to continue to pay DaBrien's salary for days absent as a result of a school-related assault. After unsuccessfully exhausting the applicable grievance procedure, the Union demanded arbitration of the dispute as provided for in the collective bargaining agreement. On February 8, 1977, DaBrien and the Union presented their case before an arbitrator of the American Arbitration Association. The Board refused to participate in the selection of the arbitrator, or to appear during the arbitration proceeding, but filed a brief contesting the jurisdiction of the arbitrator because DaBrien was pursuing a workmen's compensation claim. On August 30, 1977, the arbitrator issued a decision in favor of DaBrien, finding that under article 44—8 of the collective bargaining agreement she was entitled to $34,936.10, with

no deduction from sick leave, for the two-year period when she was absent from her teaching duties as a result of a school-related assault.

On November 23, 1977, the Board filed an action in the circuit court of Cook County to vacate the arbitration award. Defendants filed a motion to strike and dismiss and application to confirm the arbitration award. After the case had been transferred to the law division on defendants' motion, both sides amended their pleadings. On July 26, 1978, the trial court granted defendants' motion to strike and dismiss and confirmed the award of the American Arbitration Association. The Board appeals from that order.

OPINION

I

■■ The parties agree that the Board may enter into valid and binding collective bargaining agreement with public employee unions. (*Chicago Division of the Illinois Education Association v. Board of Education* (1966), 76 Ill. App. 2d 456, 222 N.E.2d 243; see *Chicago High School Assistant Principals Association v. Board of Education* (1972), 5 Ill. App. 3d 672, 284 N.E.2d 14.) However, the terms of the collective bargaining agreement may not delegate or limit duties reserved to the Board by the Illinois School Code (*Board of Trustees v. Cook County College Teachers Union* (1976), 62 Ill. 2d 470, 343 N.E.2d 473; *Illinois Education Association v. Board of Education* (1975), 62 Ill. 2d 127, 340 N.E.2d 7; *Board of Education v. Rockford Education Association* (1972), 3 Ill. App. 3d 1090, 280 N.E.2d 286), and matters reserved to the Board by statute may not be delegated to an arbitrator. *Board of Trustees v. Cook County College Teachers Union* (1979), 74 Ill. 2d 412, 386 N.E.2d 47.

The School Code provides that the Board has the duty to prescribe the "duties, compensation and terms of employment of its employees" (Ill. Rev. Stat. 1973, ch. 122, par. 34—16), and to "employ teachers and other educational employees and fix their compensation" (Ill. Rev. Stat. 1973, ch. 122, par. 34—18(8)). Relying on these sections, the Board contends that an award under article 44—8, as interpreted by the arbitrator and the trial court, infringes on the Board's nondelegable duty to determine the salaries of its employees.

A commentator recently summarized Illinois law on this subject, as follows:

> "Salaries and fringe benefits are permissible subjects of collective bargaining. While a school board's power to set salaries is discretionary, courts have upheld the validity of contractual or policy provisions which determine the compensation of a school board's employees. These provisions have been struck down only

where they violate an express provision of the School Code, the public policy of the state, or result in a complete delegation of board power without adequate standards. Courts have approved compensation schedules which tie salaries to the cost-of-living index, length of experience or academic training, and which are effective for a multi-year term. These factors are considered adequate standards for the exercise of the board's discretionary power to fix salaries.

> *Weary v. Board of Education* [(1977), 46 Ill. App. 3d 182, 360 N.E.2d 1112] is the only Illinois decision invalidating a salary provision as an improper delegation of a discretionary power. In *Weary*, the final salaries were to be set at the discretion of the union in accordance with a salary schedule submitted by the union; the schedule needed no board approval to be effective. While *Weary* is an extreme situation, it provides a caveat for fringe benefit provisions. Its reasoning leads to the conclusion that for a provision requiring a board of education to donate a specified sum per employee to a pension or health fund to be valid, the plan must specify the plan administrator and the exact benefits and terms of the plan." Eisenhammer & Trizna, *The Permissible Scope of Public Sector Bargaining in Illinois: A Proposed Solution*, 12 J. Mar. J. Prac. & Proc. 509, 524-25 (1979).

Article 44—8 requires the payment of "full salary and medical expenses by the Board" with no deduction from sick leave, if a teacher is absent as a result of a school-related assault. There is no specific statutory language in the School Code reserving the subject matter of article 44—8 to the Board, nor preventing its enforcement by arbitration. (But *cf. Board of Education v. Murphy* (1978), 56 Ill. App. 3d 981, 372 N.E.2d 899.) We do not agree with the Board that the arbitration of a grievance under article 44—8 improperly requires a third party to determine the salary of a teacher. Instead, recovery is measured by salary schedules already agreed to by the Board when it approved the contract between itself and the Union. In this instance, the discretionary decisions to employ the teacher and to determine her salary were made by the Board, not the arbitrator. *Libertyville Education Association v. Board of Education* (1977), 56 Ill. App. 3d 503, 371 N.E.2d 676; see *Classroom Teachers Association v. Board of Education* (1973), 15 Ill. App. 3d 224, 304 N.E.2d 516.

By the terms of the collective bargaining agreement, the arbitrator's authority is limited to deciding disputes involving the application and interpretation of the provisions of the agreement into which the Board voluntarily entered. (*Board of Trustees v. Cook County College Teachers Union* (1979), 74 Ill. 2d 412, 386 N.E.2d 47.) Disputes involving the intent of the parties must be resolved by looking to the language of the

agreement. (See *Board of Trustees v. Cook County College Teachers Union* (1979), 74 Ill. 2d 412, 386 N.E.2d 47.) The language of article 44—8 of the collective bargaining agreement is clear and unambiguous. No other article in the contract indicates that the provision was intended to provide income protection for a teacher *temporarily* absent, or limits the time for which a teacher may be compensated during absences resulting from a school-related assault. Nor are we persuaded that an article in the collective bargaining agreement, making salary schedules subject to yearly budget appropriations, restricts the application of article 44—8. An appropriation was made by the Board for DaBrien's salary in 1974, the year in which she was injured. The Board paid her salary from January 1, 1974, to the date of the assault and, after she filed the initial grievance under article 44—8, the Board paid her salary until the end of the 1973-74 school year. In each following year, the Board has appropriated salaries, not with regard to specific teachers, but, rather, for the positions generally. Therefore, although DaBrien could not work because of her injuries, she remained a teacher for purposes of the budget. For these reasons, we conclude that the grievance was arbitrable and that article 44—8 was properly interpreted by the arbitrator.

## II

. The second ground for reversal suggested by the Board involves the application of the Workmen's Compensation Act (Ill. Rev. Stat. 1973, ch. 48, par. 138.1 *et seq.*). It is argued that, because DaBrien was awarded $16,453.12 in workmen's compensaton benefits as a result of the injuries sustained in the assault, she is precluded from realizing a "double" recovery under article 44—8 of the collective bargaining agreement.

The Workmens's Compensation Act provides, in part:

"The compensation herein provided, together with the provisions of this Act, shall be the measure of the responsibility of any employer * * *." (Ill. Rev. Stat. 1973, ch. 48, par. 138.11.)

The Act further provides:

"*No common law or statutory right* to recover damages from the employer, * * * other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act * * *." (Emphasis added.) Ill. Rev. Stat. 1973, ch. 48, par. 138.5(a).

Although these sections and other provisions of the Workmen's Compensation Act provide an employee with an exclusive statutory remedy against his employer for an industrial accident (*Duley v. Caterpillar Tractor Co.* (1969), 44 Ill. 2d 15, 253 N.E.2d 373), they do not prevent the parties from agreeing by contract to supplement the benefits conferred by the Act.

The Board has cited no persuasive authority for its argument that a workmen's compensation claim bars an employee from recovering additional fringe benefits agreed to by the employer in a collective bargaining agreement. *Chmelik v. Vana* (1964), 31 Ill. 2d 272, 201 N.E.2d 434, cited by the Board for the proposition that a separate contract claim is barred by the Workmen's Compensation Act, is inapposite. In that case, the plaintiff was struck by a fellow employee's car in his employer's parking lot. After recovering workmen's compensation benefits, he brought an action for personal injuries against the other employee. The court rejected plaintiff's suggestion that he was a third-party beneficiary of the defendant's liability insurance policy, noting that generally the insurer's liability must first be established in a suit by the injured party against the insured. No agreement for additional benefits existed between the employer and the employee in that case, nor did the court consider the question of whether a recovery under the Workmen's Compensation Act bars an action to enforce such an agreement.

In this case, the Board refused to continue to pay DaBrien pursuant to article 44—8 after the 1973-74 school year, although she was paid full salary after the assault to the end of that year. DaBrien filed a grievance with the Board on October 29, 1974, when the Board failed to pay her salary for the semester beginning in September 1974. The Board did not deny her grievance until December 11, 1975: arbitration of the grievance was not completed until August 30, 1977. Under these circumstances, DaBrien had little alternative but to file a claim with the Industrial Commission. It is manifestly unfair for the Board to deny benefits contained in the collective bargaining agreement, forcing the employee to seek workmen's compensation, and then claim that the workmen's compensation claim bars a recovery under the agreement, especially when the benefits under the collective bargaining agreement are substantially greater than those available under the Workmen's Compensation Act.

We do not believe that the Workmen's Compensation Act deprived the arbitrator of jurisdiction to resolve the grievance or that the result reached in that proceeding was in derogation of the Act. (See *Heck v. Geo. A. Hormel Co.* (Iowa 1977), 260 N.W.2d 421.) In fact, section 4(e) of the Act, which states that the Act shall not affect or disturb the continuance of an existing insurance, mutual aid, benefit or relief association or department, represents legislative acknowledgement of the enforceable nature of benefits in addition to a workmen's compensation award. Ill. Rev. Stat. 1973, ch. 48, par. 138.4(e).

As we stated earlier, the plain language of the collective bargaining agreement does not indicate that article 44—8 benefits were intended to be temporary or limited. Article 44—8 is in the nature of a fringe benefit,

available only to employees injured as a result of a school-related assault, and undoubtedly bargained for due to the high incidence of teacher assaults in the school system. The Board could have negotiated for the inclusion of language in the collective bargaining agreement providing for a reduction in section 44—8 benefits in the amount of workmen's compensation benefits paid to the employee. (See *Parsons v. Granite City Steel Co.* (1963), 41 Ill. App. 2d 396, 190 N.E.2d 644; *Cole v. Armour & Co.* (Minn. 1977), 257 N.W.2d 381.) The time to include such a provision, however, is when the contract is negotiated. Also in this regard, we note that the Board did not seek section 8(j) credit for salary payments in the proceedings before the Industrial Commission. Ill. Rev. Stat. 1973, ch. 48, par. 138.8(j).

■ We conclude that the result reached by the arbitrator was neither inconsistent with the Workmen's Compensation Act nor against the public policy embodied therein. For the reasons stated, the judgment of the circuit court, confirming the award of the American Arbitration Association, is affirmed.

Affirmed.

JOHNSON and ROMITI, JJ., concur.