DAVID FREDERICKS, Plaintiff-Appellant, v. LIBERTY MUTUAL IN-
SURANCE COMPANY *et al.*, Defendants-Appellees.

Fifth District   No. 5—93—0081

Opinion filed January 28, 1994.

William W. Schooley III, of Law Offices of William W. Schooley, of
Granite City, for appellant.

William L. Hanks, of Keefe & De Pauli, P.C., of Fairview Heights, for appellees.

JUSTICE CHAPMAN delivered the opinion of the court:

David Fredericks was employed by McCarthy Brothers Construction Company (McCarthy Brothers) as an ironworker on a project to renovate the Eads Bridge, which spans the Mississippi River between Illinois and Missouri. Fredericks was injured on the job and brought this action alleging that at a prejob meeting between representatives of various trade unions, including the plaintiff's representatives from Ironworker's Locals 396 and 392 and representatives from McCarthy Brothers Construction Company, a binding contractual agreement was reached providing that any employee injury occurring during McCarthy Brothers' renovation of the bridge would fall within the scope of the Illinois Workers' Compensation Act (the Act) (820 ILCS 305/1 et seq. (West 1992)). Plaintiff alleged that he is a third-party beneficiary of this agreement and that McCarthy Brothers and its insurer, Liberty Mutual Insurance Company, wilfully breached the agreement by refusing to apply the provisions of the Illinois Act to his injury. Plaintiff requested the circuit court to order the defendants to apply the Illinois Act to the plaintiff's injury pursuant to the alleged agreement between plaintiff's union and McCarthy Brothers. Defendants filed a motion to dismiss the complaint based on the exclusivity provision of the Act. The circuit court ruled that it did not have subject matter jurisdiction to hear a dispute involving worker's compensation benefits, and the court granted defendant's motion to dismiss with prejudice. Fredericks appeals. We reverse.

The determinative issue on appeal is whether a common law action alleging a wilful breach of a contractual agreement is barred by the exclusivity provisions of the Illinois Workers' Compensation Act (820 ILCS 305/5(a), 11 (West 1992)).

The Act generally provides the exclusive remedy for work-related injuries. Section 5(a) of the Act states, in pertinent part, as follows:

"*No common law or statutory right to recover damages from the employer*, his insurer, his broker, any service organization retained by the employer, his insurer or his broker to provide safety service, advice or recommendations for the employer or the agents or employees of any of them *for injury or death sustained by any employee* while engaged in the line of his duty as such employee, *other than the compensation herein provided, is available to any employee who is covered by the provi-*

*sions of this Act,* to any one wholly or partially dependent upon him, the legal representatives of his estate, or any one otherwise entitled to recover damages for such injury." (Emphasis added.) (820 ILCS 305/5(a) (West 1992).)

The Act further provides in pertinent part:

> *"The compensation herein provided, together with the provisions of this Act, shall be the measure of the responsibility of any employer* engaged in any of the enterprises or businesses enumerated in Section 3 of this Act, or of any employer who is not engaged in any such enterprises or businesses, but who has elected to provide and pay compensation for accidental injuries sustained by any employee arising out of and in the course of the employment according to the provisions of this Act ***." (Emphasis added.) 820 ILCS 305/11 (West 1992).

■ It is well established in Illinois that to escape the exclusivity-of-remedy rule, plaintiff must prove the injury (1) was not accidental, (2) did not arise from his or her employment, (3) was not received during the course of employment, or (4) was noncompensable under the Act. (*Meerbrey v. Marshall Field & Co.* (1990), 139 Ill. 2d 455, 463, 564 N.E.2d 1222, 1226; *Collier v. Wagner Castings Co.* (1980), 81 Ill. 2d 229, 408 N.E.2d 198.) In addition, the broad immunity granted by the exclusive remedy rule may be overcome in actions involving intentional torts by the employer (see *Meerbrey v. Marshall Field & Co.* (1990), 139 Ill. 2d 455, 564 N.E.2d 1222) or claims for retaliatory discharge (see *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 384 N.E.2d 353). Why are these factual scenarios treated differently than those coming under the exclusive remedy protections of the Act? An examination of cases noting these exceptions provides some insight.

The Illinois Supreme Court has determined that the term "accidental" in the Act is not a technical legal term but encompasses anything that happens without design or an event which is unforeseen by the person to whom it happens. (*Meerbrey v. Marshall Field & Co.* (1990), 139 Ill. 2d 455, 463, 564 N.E.2d 1222, 1226.) Thus, one rationale given in support of the rule that claims for intentional torts are not barred by the exclusive remedy provision is that the employer should not be permitted to assert that the injury was "accidental," and therefore fall under the exclusive provisions of the Act, when it intentionally committed the act. (*Meerbrey,* 139 Ill. 2d at 464, 564 N.E.2d at 1226; 2 A. Larson, Workmen's Compensation §68.11 (1993).) The socially beneficial purpose of the worker's compensation law was not meant to permit a person who commits an intentional tort to use the compensation law as a shield against liability.

(*Jablonski v. Multack* (1978), 63 Ill. App. 3d 908, 915, 380 N.E.2d 924, 928.) In addition, it has been theorized that because benefits under the Act are paid from employers' premiums as a means of spreading the cost of hazards of the work place, the legislature did not intend that an intentional tortfeasor shift his liability for his acts to such a fund. *Jablonski*, 63 Ill. App. 3d at 915, 380 N.E.2d at 928.

Another exception to the exclusive remedy rule is recognized if an employer takes retaliatory action against employees for availing themselves of benefits under the Workers' Compensation Act. To illustrate, in *La Porte v. Jostens, Inc.* (1991), 213 Ill. App. 3d 1089, 572 N.E.2d 1209, a former at-will employee filed suit against her employer alleging that she was discharged because of her work-related injury. The court rejected the defendant's claim that plaintiff's suit was barred by the exclusive remedy provision of the Act. Relying on *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 384 N.E.2d 353, the court reasoned:

> "Our supreme court held that to allow an employer to terminate an employee for filing a claim would seriously undermine the intended policy of the Workers' Compensation Act to provide employees the protection of prompt and equitable compensation for their injuries." *La Porte*, 213 Ill. App. 3d at 1092, 572 N.E.2d at 1211.

In *Kelsay*, the supreme court set forth the equities balanced under the Act:

> "Pursuant to the statutory scheme implemented by the Act, the employee gave up his common law rights to sue his employer in tort, but recovery for injuries arising out of the course of his employment became automatic without regard to any fault on his part. The employer, who gave up the right to plead the numerous common law defenses, was compelled to pay, but his liability became fixed under a strict and comprehensive statutory scheme, and was not subjected to the sympathies of juries whose compassion for fellow employees often led to high recovery. [Citation.] This trade-off between employer and employee promoted the fundamental purpose of the Act, which was to afford protection to employees by providing them with prompt and equitable compensation for their injuries." (*Kelsay*, 74 Ill. 2d at 180-81, 384 N.E.2d at 356.)

The court found that to uphold and implement this public policy, a cause of action should exist for retaliatory discharge. *Kelsay*, 74 Ill. 2d at 181, 384 N.E.2d at 357.

To justify the intentional tort and the retaliatory discharge exceptions to the exclusive remedy rule, the courts draw upon the policy reasons behind the Illinois Workers' Compensation Act. It appears the paramount purpose behind the intentional tort exception is to prevent persons who commit intentional torts from using the compensation law as a shield against liability. (See *Meerbrey v. Marshall Field & Co.* (1990), 139 Ill. 2d 455, 564 N.E.2d 1222; *Jablonski v. Multack* (1978), 63 Ill. App. 3d 908, 380 N.E.2d 924.) The retaliatory discharge exception to the exclusive remedy rule is justified as necessary to curb the potential undermining of the Act's policy to provide employees the protection of prompt and equitable compensation for their injuries. See *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 384 N.E.2d 353.

Aside from the policies supporting the recognized exceptions to the exclusive remedy rule, we need to ask whether the legislature's intent as to the statutory scheme at bar supports a common law breach-of-contract-action exception to the exclusivity provision. The starting point for determining legislative intent is the language of the statute itself. (*People v. N L Industries* (1992), 152 Ill. 2d 82, 97, 604 N.E.2d 349, 355.) As noted previously, the express language of the Act provides no exception to the exclusive remedy provision. However, the statute does not expressly preclude the operation of the basic tenets of contract law where a worker's compensation claim is involved. With this observation in mind, we turn to the case of *Board of Education v. Chicago Teachers Union, Local No. 1* (1980), 82 Ill. App. 3d 354, 402 N.E.2d 641, where an injured employee sought recovery under both the Illinois Workers' Compensation Act and a collective bargaining agreement between the board of education and the City of Chicago. The appellate court held that the exclusivity provision does not prevent the parties from agreeing by contract to supplement the benefits conferred by the Act. (*Chicago Teachers Union*, 82 Ill. App. 3d at 359, 402 N.E.2d at 645.) Our supreme court affirmed the decision, finding that the school board, in failing to assert its right to worker's compensation credits, waived whatever rights it had to the credits for amounts the employee received pursuant to the collective bargaining agreement. (*Board of Education v. Chicago Teachers Union, Local No. 1* (1981), 86 Ill. 2d 469, 427 N.E.2d 1199.) Generally, parties may enter into any contractual obligations, unless there is some legal prohibition, since the law acts by restraint and not by conferring rights. (*Steinberg v. Chicago Medical School* (1976), 41 Ill. App. 3d 804, 807, 354 N.E.2d 586, 589, *aff'd in part & rev'd in part* (1977), 69 Ill. 2d 320, 371 N.E.2d 634.) Under the *Chicago Teachers*

*Union* decision, it is apparent that parties may enter into contracts to supplement the benefits conferred by the Act.

Because parties may agree by contract to supplement the benefits conferred by the Act, it is only logical to equip the parties with a means of enforcing such contracts. Defendants argue that plaintiff's complaint concerns a dispute over worker's compensation benefits, which is the exclusive province of the Illinois Industrial Commission. Defendants contend that it is not unique for the Industrial Commission to arbitrate questions regarding which State's worker's compensation laws apply in a given case. Defendants maintain that this question is frequently raised and the Industrial Commission has original jurisdiction to decide the issue and is the appropriate forum to make said determination.

While defendants contend that plaintiff's complaint "distilled to its lowest common denominator" concerns a dispute over worker's compensation benefits, defendants overlook the fact that plaintiff's complaint states an action for breach of contract. Generally, circuit courts have original jurisdiction over all justiciable matters. (Ill. Const. 1970, art. VI, §9.) It is not disputed that the circuit court has original jurisdiction to hear breach of contract disputes. The question then arises, assuming original jurisdiction exists, does the concept of primary jurisdiction require the courts to defer consideration of this issue?

██ The doctrine of primary jurisdiction applies when a court has either original or concurrent jurisdiction over the subject matter of the dispute. (*People v. N L Industries* (1992), 152 Ill. 2d 82, 95, 604 N.E.2d 349, 354.) This doctrine provides that even where a court has jurisdiction over a matter, it should in some instances stay the judicial proceedings pending referral of the controversy, or a portion of it, to an administrative agency with expertise in the area. (*Kellerman v. M C I Telecommunications Corp.* (1986), 112 Ill. 2d 428, 444, 493 N.E.2d 1045, 1052.) Under the doctrine of primary jurisdiction, a matter should be referred to an administrative agency when (1) the agency has a specialized or technical expertise that would help resolve the controversy, or (2) when there is need for uniform administrative standards. (*Kellerman*, 112 Ill. 2d at 445, 493 N.E.2d at 1052; see also *Far East Conference v. United States* (1952), 342 U.S. 570, 96 L. Ed. 576, 72 S. Ct. 492.) Conversely, if an agency's technical expertise is not likely to be helpful or there is no need for uniform administrative standards, courts need not relinquish their authority over a matter to the agency. (*Kellerman*, 112 Ill. 2d at 445, 493 N.E.2d at 1052.) We conclude that the circuit court possesses concurrent jurisdiction

over the breach of contract action. The Industrial Commission's expertise would not be helpful in resolving the breach of contract dispute.

■ Although we have concluded that the circuit court has concurrent jurisdiction over the matter, our inquiry is not complete. While the legislature cannot generally deprive courts of their original jurisdiction, an exception arises in administrative actions. Because the legislature establishes administrative agencies, the legislature may vest exclusive jurisdiction in the administrative agency. (*People v. N L Industries*, 152 Ill. 2d at 96-97, 604 N.E.2d at 355; *Board of Education of Warren Township High School District 121 v. Warren Township High School Federation of Teachers, Local 504* (1989), 128 Ill. 2d 155, 165, 538 N.E.2d 524, 529.) Hence, we must determine whether the legislature intended to divest the circuit court of jurisdiction to hear the breach of contract action. Once again, we turn first to the statutory language, as the clear language of the statute is the best indicator of legislative intent. *Kraft, Inc. v. Edgar* (1990), 138 Ill. 2d 178, 189, 561 N.E.2d 656, 661.

Section 18 of the Act provides:

"All questions arising under this Act, if not settled by agreement of the parties interested therein, shall, except as otherwise provided, be determined by the Commission." (820 ILCS 305/18 (West 1992).)

Based on this section of the Act, it would seem that the legislature intended that a breach of contract action must be brought before the Industrial Commission. However, a breach of contract action of the type alleged in this case does not involve a question "arising under the Act." Plaintiff contends, and we agree, that the purported contract was collateral to the rights conferred by the Act. Thus, section 18 does not deprive the circuit court of jurisdiction to hear plaintiff's claim.

Defendants suggest that section 19 of the Act (820 ILCS 305/19 (West 1992)) also requires plaintiff's action to be heard before the Industrial Commission. Section 19 sets forth the scope of the Commission's authority with regard to handling matters brought before it. While section 19 authorizes the Commission to, among other things, inquire, investigate, and receive evidence regarding a worker's compensation claim and to render an award, no mention is made of the Commission's authority to consider contracts that have been entered into between the parties supplementing the benefits allowed under the Act.

Statutes must be read as a whole; all relevant parts of the statute must be considered when attempting to divine the legislative intent underlying the statute. (*People v. N L Industries* (1992), 152 Ill. 2d 82, 98, 604 N.E.2d 349, 356.) Reading the Act as a whole, we discern no clear intent to deprive the circuit court of jurisdiction of the breach of contract action of the type plaintiff alleges. While defendants argue that because the Industrial Commission has the authority to hear the breach of contract claim, they cannot demonstrate that the legislature intended to deprive the circuit court of jurisdiction to entertain such matters. We conclude, therefore, that the circuit court erred in determining that it was without jurisdiction to hear plaintiff's complaint.

Defendants argue that even if we find that the circuit court has jurisdiction to decide the controversy, we should still affirm the dismissal of plaintiff's complaint. Defendants offer various reasons in support of the dismissal: (1) the purported contract is not specifically set forth in plaintiff's complaint; (2) plaintiff alleged insufficient facts to justify the issuance of a preliminary injunction; (3) plaintiff's complaint is not verified; (4) plaintiff's request for attorney fees is without merit and unsupported by plaintiff's allegations; and (5) plaintiff's prayer for judgment in excess of $15,000 is without any legal authority. We will not address the issues defendants raise because the trial court has not had the opportunity to do so.

> "It is true, as defendants contend, that reviewing courts are concerned with the result and not with the reason, and that if a trial court makes a correct ruling but assigns an incorrect reason its judgment will not be reversed. But this rule cannot be utilized, under the circumstances shown here, to invoke this court's determination of questions upon which the trial court expressly refused to pass, because the trial court agreed with defendants' contention that he lacked jurisdiction." *Reidelberger v. Bi-State Development Agency* (1956), 8 Ill. 2d 121, 124, 133 N.E.2d 272, 274.

The circuit court erred in holding that it was without jurisdiction. Because the court did not consider the other grounds presented in defendants' motion to dismiss, the judgment must be reversed and the cause must be remanded with directions to consider and determine the remaining issues raised by the motion to dismiss.

Reversed and remanded with directions.

WELCH and MAAG, JJ., concur.