# Illinois Official Reports

## Appellate Court

---

### *Dale v. South Central Illinois Mass Transit District*,
### 2014 IL App (5th) 130361

---

| | |
|---|---|
| Appellate Court Caption | RICHARD WILLIAM DALE, Plaintiff-Appellant, v. SOUTH CENTRAL ILLINOIS MASS TRANSIT DISTRICT, a Municipal Corporation, Defendant-Appellee. |
| District & No. | Fifth District<br>Docket No. 5-13-0361 |
| Filed | August 26, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action alleging that plaintiff bus driver was entitled to lost wages on the ground that he was terminated by defendant in retaliation for exercising his rights under the Workers' Compensation Act, the appellate court answered two questions certified by the trial court under Supreme Court Rule 308 by stating that the claim for lost wages made by an employee injured on the job and unable to return to work due to a workers' compensation carrier's delay in approving medical treatment falls within the exclusivity provisions of the Act and not a retaliatory discharge action, and an employer of such a person is not liable for lost wages in a retaliatory discharge action; rather, those damages also fall within the exclusivity provisions. |
| Decision Under Review | Appeal from the Circuit Court of Perry County, No. 10-L-28; the Hon. Eugene E. Gross, Judge, presiding. |
| Judgment | Certified questions answered; cause remanded. |

| Counsel on Appeal | Darrell Dunham, of Darrell Dunham & Associates, of Carbondale, and Timothy Daniels, of 51 Place Law Offices, of Elkville, for appellant. |
| --- | --- |
| | Richard B. Korn, of Fox Galvin, LLC, of St. Louis, Missouri, for appellee. |
| Panel | JUSTICE STEWART delivered the judgment of the court, with opinion. Presiding Justice Welch and Justice Goldenhersh concurred in the judgment and opinion. |

**OPINION**

¶ 1    The plaintiff brings this interlocutory appeal pursuant to Illinois Supreme Court Rule 308 (eff. Feb. 26, 2010). The plaintiff, Richard William Dale, worked as a bus driver for the defendant, South Central Illinois Mass Transit District (South Central). Dale filed a complaint against South Central alleging that it fired him in retaliation for exercising his rights under the Illinois Workers' Compensation Act (the Act) (820 ILCS 305/1 *et seq.* (West 2010)). The circuit court granted South Central a motion for summary judgment, in part, on Dale's claim for lost wages. The court then certified two questions of law on which it found that there were substantial grounds for a difference of opinion and that the answers to the questions might materially advance the termination of the litigation. The certified questions are as follows:

"I. Whether an employee who was injured on the job and who is unable to return to work as a result of a workers' compensation carrier's delay in approving medical treatment can recover lost wages in a subsequently filed retaliatory discharge claim or whether damages for such lost wages fall within the exclusivity provision of the Illinois Workers' Compensation Act.

II. Whether an employer who terminates an employee who is physically unable to perform the functions of his job after sustaining an on-the-job injury is liable for lost wages in a subsequently filed retaliatory discharge action when the employee's physical inability to perform the functions of his job was caused by the employer's worker's compensation carrier's delay in approving medical treatment for the on-the-job injury or whether such damages fall within the exclusivity provision of the Illinois Workers' Compensation Act."

¶ 2    We granted Dale's request for an interlocutory appeal for this court to address the circuit court's certified questions of law. We begin our discussion of the certified questions with a brief outline of the procedural history leading up to the circuit court's certified questions.

BACKGROUND

¶ 3

¶ 4      Dale injured his left shoulder in a work-related accident on July 31, 2009. Following the accident, he saw Dr. Angela Freehill, who recommended that he undergo surgery for the injuries to his left shoulder. According to Dr. Freehill, Dale elected not to have surgery but to proceed with nonsurgical management. Dale, however, maintains that the recommended surgery was delayed because South Central improperly disputed his claim of having a work-related injury.

¶ 5      Dale has been unable to work since the accident. South Central granted Dale a 12-week leave of absence under the Family and Medical Leave Act (29 U.S.C. § 2601 *et seq.* (2006)). When Dale's 12-week leave of absence expired, South Central terminated his employment on March 4, 2010, because he was medically unable to return to work.

¶ 6      On October 9, 2009, Dale filed a workers' compensation claim, and on September 11, 2012, he and South Central entered into a settlement agreement, settling Dale's claims under the Act. The terms of the settlement included temporary total disability benefits for $143^6/_7$ weeks at the average weekly wage of $245.33, as well as compensation for future medical expenses related to the injury. The total amount of the settlement was a lump-sum payment of $54,348 as a full and final settlement of the claims resulting from the work-related accident.

¶ 7      Prior to settling his workers' compensation claim, on November 19, 2010, Dale filed the complaint against South Central alleging a claim for retaliatory discharge. Dale alleged that South Central terminated his employment as a bus driver on March 4, 2010, as a result of his exercising his rights under the Act. After settling Dale's workers' compensation claim, South Central filed a motion for a partial summary judgment in the retaliatory discharge case with respect to Dale's request for damages for lost wages. South Central maintained that Dale was unable to perform his job duties; accordingly, his lost wages were caused by his inability to work, not caused by the alleged wrongful discharge. South Central further argued that the Act provides the exclusive remedy for damages for lost wages caused by a workplace accident. In addition, South Central argued that Dale's claim for lost wages was barred under the *res judicata* doctrine due to his settlement of the workers' compensation claim.

¶ 8      On June 4, 2013, the circuit court entered an order granting South Central's request for a partial summary judgment. The court noted in its order that when South Central discharged Dale, he was unable to work and he had not submitted any evidence to contradict South Central's position that his lost wages were attributable solely to his infirmity resulting from his work-related accident. The court found that there was "no genuine issue of material fact concerning the availability of damages for lost wages in that by plaintiff's own testimony, he remains unable to return to work and his condition (and lost wages) are a result of his injury on July 31, 2009, and not his discharge by defendant." The court further added that even "if plaintiff established that his condition deteriorated by delay, that damage was related to the injury, not the discharge." The court granted South Central's request for a summary judgment with respect to Dale's claim for lost wages "because plaintiff cannot establish any causal connection between his retaliatory discharge and lost wages."

¶ 9      On July 16, 2013, the circuit court granted Dale's request to certify the two questions of law quoted above, and we granted Dale's application for this interlocutory appeal to answer the certified questions.

¶ 10                                    ANALYSIS

¶ 11        Questions certified under Rule 308 raise issues of law, and our review is *de novo*. *Fox v. Gauto*, 2013 IL App (5th) 110327, ¶ 13, 995 N.E.2d 1026.

¶ 12        Both of the certified questions concern whether the Act's exclusivity provisions bar an injured employee from recovering damages for lost wages in a retaliatory discharge lawsuit when the employee is injured in a work-related accident and is unable to work as a result of the workers' compensation carrier's delay in approving medical treatment. In answering both certified questions, we hold that the employee's damages for lost wages fall within the exclusivity provisions of the Act.

¶ 13        The Act "was enacted to abrogate the system of common law rights and liabilities which previously governed an injured employee's ability to recover against his employer." *Ocasek v. Krass*, 153 Ill. App. 3d 215, 217, 505 N.E.2d 1258, 1259 (1987). The policy underlying the Act was "to provide certainty of remedy gained in return for limiting the liability of the employer." *Id.* In order to achieve the Act's policy, the Act's remedies "serve as the employee's exclusive remedy if he sustains a compensable injury." (Internal quotation marks omitted.) *Id.*

¶ 14        Section 5(a) of the Act provides, in pertinent part, as follows: "No common law or statutory right to recover damages from the employer *** for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act ***." 820 ILCS 305/5(a) (West 2010).

¶ 15        Section 11 of the Act provides as follows: "The compensation herein provided, together with the provisions of this Act, shall be the measure of the responsibility of any employer [automatically covered by the Act or] who has elected to provide and pay compensation for accidental injuries sustained by any employee arising out of and in the course of the employment according to the provisions of this Act ***." 820 ILCS 305/11 (West 2010).

¶ 16        "Essentially, these sections of the Act require 'exclusive resort' to the worker's compensation remedy for injuries arising out of the course of employment." *Garland v. Morgan Stanley & Co.*, 2013 IL App (1st) 112121, ¶ 24, 996 N.E.2d 188.

¶ 17        When an employee brings an action against his employer for damages stemming from injuries he sustained in an employment setting, the exclusivity provisions of the Act bar the action unless the employee can prove that the injury (1) was not accidental, (2) did not arise from his or her employment, (3) was not received during the course of employment, or (4) is noncompensable under the Act. *Collier v. Wagner Castings Co.*, 81 Ill. 2d 229, 237, 408 N.E.2d 198, 202 (1980). In the present case, the plaintiff does not articulate which of the four exceptions a claim for lost wages would fall under when the employee is injured on the job and "is unable to return to work as a result of a workers' compensation carrier's delay in approving medical treatment."

¶ 18        The questions of law certified by the circuit court are premised on a factual finding that the hypothetical employee was "injured on the job" or sustained "an on-the-job injury." Therefore, by their very terms, the questions address damages for lost wages that are causally connected to a workplace injury. Exceptions two and three noted above, therefore, do not apply under the express language of the certified questions.

¶ 19        The first exception, *i.e.*, "not accidental," also does not apply because there is nothing within the certified questions to establish that the employer specifically intended that its

actions would injure the employee. *Garland v. Morgan Stanley & Co.*, 2013 IL App (1st) 112121, ¶ 29, 996 N.E.2d 188 ("In the context of the Act, to show that an injury is not accidental, the employee must establish that his employer *** acted deliberately and with specific intent to injure the employee.").

¶ 20    In *Bercaw v. Domino's Pizza, Inc.*, 258 Ill. App. 3d 211, 212, 630 N.E.2d 166, 167 (1994), a delivery driver was killed by assailants, and his survivors brought an action against his employer, alleging that it knew with substantial certainty that the delivery person would be attacked. In addressing the exclusive remedy provision of the Act, the court noted that the issue was whether the delivery driver's death was "accidental" when the employer sent the untrained driver to deliver an order placed on a pay phone. *Id*. at 214, 630 N.E.2d at 168.

¶ 21    In evaluating whether the injury was the result of an intentional act rather than an accident for purposes of applying the exclusivity provisions of the Act, the court held that it was not enough for the plaintiff to show that there was a "substantial certainty" that the employer's actions would result in injuries to employees. Instead, the employee must show that the employer specifically intended that its actions would injure the employee. *Id.* at 215, 630 N.E.2d at 169. The court reasoned that the "specific intent to injure" standard provided courts with a bright-line test which would discourage "Act-related civil litigation, thus advancing one of the Act's purposes: that of providing a broad scheme of recompense for on-the-job injuries." *Id.* The court stated that, in order to escape the Act's exclusive remedy bar, it was not enough for a plaintiff to show that the employer had knowledge that an injury was substantially likely to occur from an employer's actions. *Id.* at 217-18, 630 N.E.2d at 171 (citing *Russell v. PPG Industries, Inc.*, 953 F.2d 326, 333 (7th Cir. 1992)). "[F]or an employee seeking to bypass the exclusive remedy of the Act, the employee must show that the employer specifically intended to injure the plaintiff." *Garland v. Morgan Stanley & Co.*, 2013 IL App (1st) 112121, ¶ 30, 996 N.E.2d 188.

¶ 22    The questions of law certified by the circuit court do not include a finding that the employer acted with the specific intent to injure the employee when the employee suffered the work-related injury. Accordingly, the "not accidental" exception to the exclusivity provisions of the Act does not apply.

¶ 23    Finally, considering the fourth exception, lost wages that are causally connected to a work-related injury are certainly recoverable under the Act. As South Central correctly points out in its brief, the statutory scheme of the Act provides injured workers with wage benefits when they are unable to work due to an injury that is causally related to a workplace accident, including temporary total disability benefits and permanent total disability benefits. 820 ILCS 305/8 (West 2010). The Act provides the "exclusive remedy" for an injured employee seeking to recover damages from an employer that are causally related to an on-the-job injury. *Keating v. 68th & Paxton, L.L.C.*, 401 Ill. App. 3d 456, 464, 936 N.E.2d 1050, 1058 (2010). The certified questions are premised on an injury and a resulting inability to work that are causally connected to a work-related accident.

¶ 24    There are no factual findings encompassed within the certified questions that break the causal connection between the employee's inability to work and the on-the-job accident. Accordingly, under the four-part test outlined in *Collier* for applying the exclusivity provisions of the Act, the employee's claim for lost wages must be recovered under the Act, not in a civil lawsuit for retaliatory discharge.

- 5 -

¶ 25    In his brief, Dale argues that the employer "should not be able to resist medical treatment for Employee and then be permitted to fire him because he was not able to work." He argues that the exclusivity provision should not apply when an employee is terminated due to an inability to work and his inability to work is the result of the employer's delay in approving medical treatment following a workplace injury. This argument does not establish a legal basis for circumventing the Act's exclusive remedy provisions.

¶ 26    An employer's delay in approving medical treatment following a workplace accident, even if the delay results in the injured employee being unable to work, does not break the causal connection between the injury and the workplace accident. To establish causation under the Act, an employee must prove that some act or phase of his employment was a causative factor in his ensuing injury. *Land & Lakes Co. v. Industrial Comm'n*, 359 Ill. App. 3d 582, 592, 834 N.E.2d 583, 592 (2005). "Every natural consequence that flows from an injury that arose out of and in the course of one's employment is compensable under the Act absent the occurrence of an independent intervening accident that breaks the chain of causation between the work-related injury and an ensuing disability or injury." *National Freight Industries v. Illinois Workers' Compensation Comm'n*, 2013 IL App (5th) 120043WC, ¶ 26, 993 N.E.2d 473.

¶ 27    In the present case, if the hypothetical employee within the certified questions had not sustained the work-related injury, he would not have required the medical treatment that the hypothetical employer delayed in approving. Accordingly, even if the employee's inability to work can be directly attributable to the employer's delay in approving medical treatment, the injury is still causally connected to a workplace accident because the initial injury was caused by a work-related accident and no intervening event has broken the chain of causation. Any additional damages, including lost wages, suffered by the employee as a result of the employer's delay in approving medical treatment are recoverable under the Act; accordingly, recovery of such damages is limited to the exclusive remedies under the Act.

¶ 28    Allowing an employee to maintain a civil action for lost wages under the facts encompassed within the certified questions would improperly frustrate the purpose of the Act's statutory scheme, which is to provide a system of imposing liability on employers without fault for accidental work-related injuries and, in return, prohibiting common law suits by employees against the employer. *Meerbrey v. Marshall Field & Co.*, 139 Ill. 2d 455, 462, 564 N.E.2d 1222, 1225 (1990). "The exclusive remedy provision 'is part of the *quid pro quo* in which the sacrifices and gains of employees and employers are to some extent put in balance, for, while the employer assumes a new liability without fault, he is relieved of the prospect of large damage verdicts.' " *Id.* (quoting 2A Arthur Larson, Law of Workmen's Compensation § 65.11 (1988)).

¶ 29    Dale argues that *Siekierka v. United Steel Deck, Inc.*, 373 Ill. App. 3d 214, 868 N.E.2d 374 (2007), supports his argument that he can recover lost wages in a retaliatory discharge action and that the certified questions should be answered accordingly. We disagree; *Siekierka* does not establish a basis for overcoming the exclusivity provisions in the Act under the facts on which the certified questions are premised.

¶ 30    In *Siekierka*, the plaintiff brought a retaliatory discharge claim against his employer, arguing that he was terminated from his employment without just cause and that the employer was motivated in part because he had pursued his rights and remedies under the Act. *Id.* at 215, 868 N.E.2d at 375. The trial court granted the employer a summary judgment, and the plaintiff appealed. *Id.* at 220, 868 N.E.2d at 379. On appeal, the court reversed, holding that there was a

genuine issue of material fact concerning whether there was a causal connection between the employee's discharge and his exercise of rights under the Act. *Id.* at 223, 868 N.E.2d at 382.

¶ 31    The court held that although the employer provided a valid nonpretexual basis for terminating the plaintiff, the evidence also supported an inference that the employer's insurer made it impossible for the plaintiff to return to work within the time granted by the employer because the insurer refused to accommodate surgery and forced the plaintiff to seek a second opinion. *Id.* at 222-23, 868 N.E.2d at 381-82. The insurer's doctor adopted a "wait and see" approach before approving surgery, and the extra four weeks of waiting for the surgery resulted in the employee not working beyond the duration of his authorized leave. The employer then terminated the employee for failing to return to work. *Id.* The court held that the employer's actions served to delay the employee's surgery, which forced the employee to have to choose between "pursuing his worker's compensation right to have the surgery or attempting to return to work without it." *Id.* at 223, 868 N.E.2d at 381. The court held that there was a material issue of fact "as to whether there exists a causal nexus between [the employee's] discharge and the exercise of his rights under the Act." *Id.* at 223, 868 N.E.2d at 382.

¶ 32    The questions certified by the circuit court present a different legal issue than the legal issue addressed by the court in *Siekierka*. Unlike *Siekierka*, the certified questions in the present case do not ask us to determine whether a hypothetical employee's discharge was causally related to the exercise of his rights under the Act. Instead, the certified questions present a legal issue concerning the injured employee's ability to recover a certain type of damages in a civil action under a specific set of circumstances, *i.e.*, whether the exclusivity provisions of the Act require the employee to pursue his claim for lost wages in a workers' compensation proceeding when a work-related injury prevents the employee from working. The issue before the court in *Siekierka* did not concern the Act's exclusivity provisions.

¶ 33    Of course, an action for retaliatory discharge is not completely barred by the exclusivity provisions of the Act. *Fredericks v. Liberty Mutual Insurance Co.*, 255 Ill. App. 3d 1029, 1032, 627 N.E.2d 782, 785 (1994). A plaintiff in a retaliatory discharge action is entitled to recover those damages supported by the evidence and the law, as in other tort actions. *Clark v. Owens-Brockway Glass Container, Inc.*, 297 Ill. App. 3d 694, 701, 697 N.E.2d 743, 748 (1998). However, "any diminution in a plaintiff's earnings directly related to that plaintiff's injury, but not connected to the employer's tortious discharge, is not properly included in a retaliatory discharge award." *Kritzen v. Flender Corp.*, 226 Ill. App. 3d 541, 559, 589 N.E.2d 909, 922 (1992). "Lost wages attributable solely to one's infirmity do not naturally flow from the commission of retaliatory discharge." *Id.* at 560, 589 N.E.2d at 922.

¶ 34    The certified questions in the present case include factual findings that a hypothetical employee was injured in an on-the-job accident and that his inability to work is a result of a delay by the employer in authorizing medical treatment for the work-related injuries. The certified questions presume that the employee is totally incapacitated from all employment, and the sole cause of this incapacity is the infirmity resulting from his work-related injury. If the employee were capable of some form of employment, and could prove that the retaliatory discharge was a cause of his inability to return to his previous employment or find alternative employment, then he could recover the lost wages attributable to the discharge. However, under these facts, as a matter of law, the employee's lost wages are causally connected to the workplace accident, not his discharge, and the Act provides the exclusive remedy for the employee to recover the lost wages.

¶ 35    Accordingly, the answer to both certified questions is that the employee's claim for lost wages falls within the exclusivity provisions of the Illinois Workers' Compensation Act.

¶ 36                              CONCLUSION

¶ 37    The certified questions of the circuit court of Perry County are hereby answered. We remand this matter to the circuit court for further proceedings.

¶ 38    Certified questions answered; cause remanded.