VEAR LaPORTE, Plaintiff-Appellant and Cross-Appellee, v. JOSTENS, INC., Defendant-Appellee and Cross-Appellant.

Third District   No. 3—90—0396

Opinion filed May 21, 1991.—Rehearing denied June 24, 1991.

A. Randolph Comba, of Princeton, for appellant.

Kavanaugh, Scully, Sudow, White & Frederick, P.C., of Peoria (David J. Dubicki, of counsel), for appellee.

JUSTICE SLATER delivered the opinion of the court:
Plaintiff appeals from the trial court's entry of summary judgment in favor of defendant on her complaint for retaliatory discharge. Defendant appeals the trial court's order denying its motion to dismiss.

Plaintiff was an at-will employee of defendant from November of 1981 to June 6, 1989, at which time her employment was terminated. Plaintiff was employed as a final inspector and worked in that capacity during her entire tenure at defendant's plant. Her job involved constant overhead reaching and looking up and down on a continuous basis.

In 1984, 1986 and 1988, plaintiff suffered compensible work-related injuries to her cervical area and received worker's compensation benefits for all three occurrences. For the last two occurrences, plaintiff filed applications for adjustment of claim under the Workers' Compensation Act (Ill. Rev. Stat. 1989, ch. 48, par. 138.1 *et seq.*).

It is undisputed that prior to being terminated, plaintiff's doctors recommended that she either find a different job at defendant's plant or quit because of the injuries to her neck. Plaintiff thereafter discussed transferring to a different position with defendant's personnel manager sometime in April or May of 1989. It does not appear from the record, however, that defendant's personnel manager ever made any promises to plaintiff that she would be transferred to another position. In fact, it is not entirely clear what other positions, if any, were available within the plant at the time plaintiff was terminated. Regardless, plaintiff admitted at deposition that she was unaware of any other jobs within defendant's plant that she could perform without additional training.

At the time plaintiff was terminated, defendant's personnel manager read her the following preprepared statement:

"Vear, Jostens believes the current work assignment places you at risk of aggravating your injury or causing more serious injury. For this reason it is in the best interest for you and Jostens to terminate your employment and we recommend you pursue a job in a safer environment."

Plaintiff admitted that she knew she was being fired because of her injury. Plaintiff maintains, however, that there were other positions within defendant's plant that she could perform without causing additional injury to her neck. Plaintiff's request for reassignment within the plant was denied.

Defendant moved to dismiss plaintiff's complaint on the basis that her claim was one of employment discrimination based upon a physical handicap and therefore within the exclusive jurisdiction of the Illinois Human Rights Commission under the Illinois Human Rights Act (Ill. Rev. Stat. 1989, ch. 68, par. 1—101 *et seq.*). In the alternative, defendant moved for summary judgment on two grounds: (1) that plaintiff's claim was barred by the exclusive remedy provision of the Illinois

Workers' Compensation Act (Ill. Rev. Stat. 1989, ch. 48, par. 138.5) and (2) defendant was not required to continue plaintiff's employment where, as a result of her injury, plaintiff could no longer perform the duties assigned to her. The trial court, by order dated May 10, 1990, denied defendant's motion to dismiss, denied defendant's motion for summary judgment on defendant's exclusive remedy of the Workers' Compensation Act theory, but granted summary judgment to defendant on the basis that defendant had no obligation to continue plaintiff's employment where her injury prevented her from returning to her former position. We affirm.

■■ Initially, defendant asserts that the trial court should have dismissed plaintiff's complaint as being a claim of employment discrimination based upon a physical handicap and therefore within the exclusive jurisdiction of the Human Rights Commission under the Illinois Human Rights Act. We disagree. Plaintiff's complaint does not sound in discrimination, but is clearly phased under a retaliatory discharge theory. Jurisdiction is therefore vested with the circuit court and not the Human Rights Commission.

■ Secondly, defendant asserts that plaintiff's exclusive remedy was under the Illinois Workers' Compensation Act. Again we disagree. In *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 384 N.E.2d 353, plaintiff complained that her employment had been terminated in retaliation for her filing a worker's compensation claim. Defendant, as here, argued that plaintiff's worker's compensation claim was plaintiff's exclusive remedy under the rationale that the Workers' Compensation Act provides for criminal sanctions against employers who terminate or threaten to terminate an employee who files a worker's compensation claim. (Ill. Rev. Stat. 1989, ch. 48, par. 138.4(h).) Defendant further argued that it was not prohibited by law from terminating an at-will employee who filed a worker's compensation claim. Our supreme court held that to allow an employer to terminate an employee for filing a claim would seriously undermine the intended policy of the Workers' Compensation Act to provide employees the protection of prompt and equitable compensation for their injuries. Secondly, the court determined the potential criminal sanctions an employer may face for violating the Workers' Compensation Act inured to the benefit of the State and did "nothing to alleviate the plight of those employees who are threatened with retaliation and forgo their rights, or those who lose their jobs when they proceed to file claims under the Act." (*Kelsey*, 74 Ill. 2d at 185.) Defendant fails to distinguish *Kelsey* in arguing the exclusivity of the Workers' Compensation Act. *Kelsey* clearly holds that retaliatory discharge claims are not precluded by the Workers' Compen-

sation Act and, therefore, the trial court correctly denied defendant's motion for summary judgment on this basis.

Finally, plaintiff argues that the trial court improperly awarded summary judgment to defendant. Summary judgment is properly granted when "there is no genuine issue as to any material fact and *** the moving party is entitled to a judgment as a matter of law." (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005(c).) Plaintiff argues that a material issue of fact existed as to defendant's intent for terminating plaintiff's employment. As support for this proposition, plaintiff states that defendant's personnel manager admitted other positions were available within the facility that plaintiff could perform and that he indicated to plaintiff she would be allowed to transfer to another department, at least for the second part of her daily shift. The record citations cited by plaintiff, however, do not support these alleged admissions. At best, the testimony cited by plaintiff indicates that there may have been other positions available which plaintiff may have been able to perform. A genuine issue of material fact is not created from assumptions or insinuations.

In this case, plaintiff has acknowledged that her employment was terminated because her injury made it impractical and unsafe for her to continue at her present position. Plaintiff nonetheless maintains that defendant had the obligation to transfer her to another position, rather than terminate her employment. We disagree.

Illinois law does not obligate an employer to retain an at-will employee who is medically unable to return to his assigned position. (See *Horton v. Miller Chemical Co.* (7th Cir. 1985), 776 F.2d 1351.) In *Horton*, plaintiff was employed as a truck driver/delivery man. He had a history of back injury and had previously filed a worker's compensation claim against defendant. While unloading materials, plaintiff again injured his back and was taken off work by his doctor. When plaintiff presented the doctor's slip to defendant, he was discharged for being a "bad risk." Plaintiff then brought a retaliatory discharge action against defendant. Applying Illinois law, the Federal circuit court of appeals reversed a jury verdict and entered judgment notwithstanding the verdict for defendant. The court held that medical inability to work was a "legitimate nondiscriminatory reason" for discharge and the defendant's failure to reassign plaintiff was immaterial to whether plaintiff was wrongfully discharged. *Horton*, 776 F.2d 1351.

Similarly, in *Caterpillar, Inc. v. Human Rights Comm'n* (1987), 154 Ill. App. 3d 424, 506 N.E.2d 1029, the employee was hired by Caterpillar as a radial drill operator and subsequently developed tennis elbow precluding her from returning to work in that capacity. The

employee then filed a discrimination claim with the Human Rights Commission under the Human Rights Act and received a favorable result. This court, in reversing the Human Rights Commission on appeal, addressed the argument whether Caterpillar had an obligation to assign the employee to a position within the factory she was able to perform. We determined the duty to reasonably accommodate a handicapped employee extended only to the employee's present position; it did not require the employer to reassign or transfer an employee to another job. To hold otherwise would give handicapped workers unwarranted preferential treatment. (*Caterpillar*, 154 Ill. App. 3d 424, 506 N.E.2d 1029.) Although our decision in *Caterpillar* was made in the context of construing an employer's obligations to a handicapped employee under the Human Rights Act, we see no reason to reach a contrary result regarding an employer's duty to reassign an employee in this situation. Without more, the mere fact that plaintiff in this case may have been able to perform other jobs within defendant's plant is irrelevant to whether she was wrongfully discharged.

■ Finally, plaintiff has filed a motion to add the additional authority of *Bray v. Stan's Rental, Inc.* (1990), 196 Ill. App. 3d 384, 553 N.E.2d 791, which is allowed without objection from defendant. In *Bray*, this court denied an employee's motion for summary judgment on the basis that a genuine issue of material fact existed as to the employer's motive for terminating the employee. Specifically, it was disputed whether the employer's supervisory told the employee he was missing too many days due to his injury and that he was costing the company too much money. The record, however, did not indicate that the employee would never be able to return to his job, only that he would be temporarily unable to work. (*Bray*, 196 Ill. App. 3d 384, 553 N.E.2d 791.) In this case, plaintiff was injured such that she would never be able to return to her position. Moreover, at no time has plaintiff stated she was told she was being fired for costing the company too much money or missing too many days going to doctors. All plaintiff herein has ever said is she was fired because of her injury and that other positions in the factory were available which she believed she could do. These facts simply do not create a genuine issue of material fact supporting her retaliatory discharge claim.

For all of the foregoing reasons, the decision of the circuit court of Bureau County is affirmed.

Affirmed.

GORMAN and McCUSKEY, JJ., concur.