Kimberly A. TALLEY, Plaintiff–Appellant,

v.

WASHINGTON INVENTORY SERVICE, Defendant–Appellee.

No. 93–2453.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 15, 1993.

Decided Sept. 29, 1994.

Gerald A. Goldman, Arthur R. Ehrlich (argued), Goldman & Marcus, Chicago, IL, for plaintiff-appellant.

Francis D. Morrissey, Gerald L. Maatman, Jr. (argued), Andrew J. Boling, Michael A.

Pollard, John M. McGarry, Baker & McKenzie, Chicago, IL, for defendant-appellee.

Before CUDAHY, FLAUM and ROVNER, Circuit Judges.

CUDAHY, Circuit Judge.

Kimberly Talley was employed by Washington Inventory Service until it terminated her for having a social relationship with a co-employee whom she ultimately married. She sued, alleging breach of contract and retaliatory discharge. Defendants removed the suit to federal court on grounds of diversity jurisdiction, 28 U.S.C. § 1332(a), and the district court dismissed her complaint for failure to state a claim. On appeal, Talley challenges only the dismissal of the second count of her complaint which alleged that her termination by Washington Inventory violates Illinois public policy that favors marriage.

In dismissing the retaliatory discharge count, the district court observed that the policy upon which Talley based this claim appeared to be embodied in the Illinois Human Rights Act, which makes it a civil rights violation for any employer to discharge an employee "on the basis of unlawful discrimination." 775 ILCS 5/2–102(A). Pursuant to 775 ILCS 5/1–103(Q), unlawful discrimination includes discrimination because of an employee's marital status. "Marital status" in turn is defined rather capaciously as "the legal status of being married, single, separated, divorced or widowed." 775 ILCS 5/1–103(J). In this respect, the district court questioned whether an adverse employment decision based on the existence of a social relationship between an unmarried man and woman fell within the public policy embodied in the Illinois Human Rights Act and related decisional law. Assuming that it did, however, the district court held that exclusive jurisdiction over such a claim is conferred upon the Illinois Human Rights Commission pursuant to *Mein v. Masonite Corp.,* 109 Ill.2d 1, 7, 92 Ill.Dec. 501, 485 N.E.2d 312 (1985). We affirm.

## I.

### A.

■ We review a motion to dismiss a complaint for failure to state a claim *de novo.*

*Harriston v. Chicago Tribune Co.,* 992 F.2d 697, 701 (7th Cir.1993). The issue in this appeal is what is the proper forum for resolution of Talley's claim against Washington Inventory. Talley argues that her claim sounds in common law as a species of retaliatory discharge because a company policy that infringes the right to marry violates public policy. In contrast, Washington Inventory contends that Talley's claim is based on marital status discrimination and, as such, falls within the exclusive jurisdiction of the Illinois Human Rights Commission.

### B.

■ The Illinois Human Rights Act provides a comprehensive scheme of remedies and administrative procedures to redress human rights violations, and claims under the Act fall within the exclusive jurisdiction of the Illinois Human Rights Commission. *Mein v. Masonite Corp.,* 109 Ill.2d at 7, 92 Ill.Dec. 501, 485 N.E.2d 312. Illinois also recognizes an exception to the employment-at-will doctrine and allows an employee to sue in tort where termination from employment violates a public policy. *Kelsay v. Motorola, Inc.,* 74 Ill.2d 172, 23 Ill.Dec. 559, 384 N.E.2d 353 (1978) (terminating employee for filing worker's compensation claim is actionable as a retaliatory discharge in violation of public policy); *Palmateer v. International Harvester,* 85 Ill.2d 124, 52 Ill.Dec. 13, 421 N.E.2d 876 (1981) (terminating employee for reporting co-employee's criminal conduct is actionable as a retaliatory discharge in violation of public policy).

■ Relying on the retaliatory discharge cases, Talley contends that the Illinois Marriage and Dissolution Act favors the preservation of marriage and family relationships, *see* 705 ILCS 5/102(2), and that terminating her for a social relationship that leads to marriage violates the public policy embodied in that Act. In support of her position, Talley is unable to cite any Illinois cases, other than those following *Loving v. Virginia,* 388 U.S. 1, 87 S.Ct. 1817, 18 L.Ed.2d 1010 (1967), which recognize marriage as an aspect of privacy. *See Boynton v. Kusper,*

112 Ill.2d 356, 98 Ill.Dec. 208, 494 N.E.2d 135 (1986) (marriage is a fundamental right and regulations that directly interfere with the decision to marry are subject to strict scrutiny).

Washington Inventory places principal reliance on *McCluskey v. Clark Oil & Refining Corp.*, 147 Ill.App.3d 822, 101 Ill.Dec. 235, 498 N.E.2d 559 (1st Dist.1986), in support of its position that termination from employment based on marital status does not constitute a retaliatory discharge under Illinois law. In *McCluskey*, the Illinois Appellate Court held that an employee who was terminated for marrying a co-worker did not state a claim for retaliatory discharge on the theory that her firing violated public policy. 101 Ill.Dec. at 237, 498 N.E.2d at 561. Washington Inventory contends that the circumstances surrounding Talley's discharge are even less compelling than those in *McCluskey* since Talley's termination was based on a social relationship short of marriage (although after termination the relationship ripened into marriage).

Rather than distinguishing *McCluskey*, Talley argues that the Supreme Court of Illinois would not follow it, and that we need not follow it either since its holding is at odds with *River Bend Community Unit School District No. 2 v. Illinois Human Rights Commission*, 232 Ill.App.3d 838, 173 Ill.Dec. 868, 597 N.E.2d 842 (3d Dist.1992). There, the Third District affirmed a determination by the Illinois Human Rights Commission that a school district which had a policy forbidding intra-district faculty transfers that would result in one spouse's directly supervising another was engaged in unlawful discrimination based on marital status. 173 Ill. Dec. at 869, 597 N.E.2d at 843. But we do not see how *River Bend* is inconsistent with *McCluskey* since *River Bend* was a judicial review action following a finding by the Illinois Human Rights Commission that the school district had committed marital status discrimination. Indeed, *River Bend* appears to bolster the defendant's position that the Illinois Human Rights Commission has exclusive jurisdiction over Talley's claim.

Talley also relies on *LaPorte v. Jostens, Inc.*, 213 Ill.App.3d 1089, 1092, 157 Ill.Dec. 745, 572 N.E.2d 1209 (3d Dist.1991), for the position that her claim does not fall within the exclusive jurisdiction of the Illinois Human Rights Commission. There, the plaintiff sued after she was terminated from her employment because a work-related injury precluded her from performing the duties associated with her position. The defendant contended that the trial court should have dismissed her complaint as falling within the exclusive jurisdiction of the Illinois Human Right Commission in that the plaintiff sought recovery for employment discrimination based on a physical handicap. The appellate court disagreed, holding that the claim was not one based on discrimination but one for retaliatory discharge and was actionable as a common law claim within the jurisdiction of the circuit court. 157 Ill.Dec. at 747, 572 N.E.2d at 1211. But *LaPorte* is simply an application of the *Kelsay* principle that retaliation for the exercise of Workers' Compensation rights violates public policy and is actionable as a common law tort claim.

## II.

Talley is unable to point to any Illinois case holding that termination from employment based on marital status is actionable as a common law tort claim for retaliatory discharge. Thus, allowing her claim to proceed would require us to reject the holding of *McCluskey* and to expand Illinois law governing the tort of retaliatory discharge. We are unwilling to do so. Moreover, we see no inconsistency in the holdings of *McCluskey*, *LaPorte* and *River Bend*, and we read these cases together to establish the rule that employee terminations that are related to conduct that promotes particular public policies may be actionable as common law tort claims, while terminations that are motivated by discriminatory conduct may be actionable as human rights violations.

As we recently discussed, in light of the Illinois Human Rights Act, courts have no jurisdiction to hear independent actions for alleged human rights violations. *Flaherty v. Gas Research Institute*, 31 F.3d 451, 459 (7th Cir.1994). Rather, judicial review is only available under the Act after the Human Rights Commission has issued a final order

on a complaint. *Id.* at 458–59. In *Flaherty*, we rejected the argument that *Mein* is distinguishable in instances where retaliatory discharge based on age discrimination is alleged. *Id.* at 459. We held that a claim based on such conduct was encompassed by the Illinois Human Rights Act and thus fell within the scope of *Mein*. *Id.* Because the marital status discrimination Talley alleged in her complaint is also encompassed by the Act, her claim is within the exclusive jurisdiction of the Illinois Human Rights Commission, and the district court was required to dismiss the claim for failure to exhaust administrative remedies.

Accordingly, the district court properly dismissed her complaint, and the judgment of the district court is, therefore, AFFIRMED.