**Dennis DANIELS, et al., Plaintiff,**

v.

**FEDERAL RESERVE BANK OF CHICAGO, Defendant.**

No. 98C1186.

United States District Court,
N.D. Illinois,
Eastern Division.

March 28, 2000.

Order on Reconsideration
May 30, 2000.

Cecile L. Singer, Attorney at Law, Edward Ted Stein, Elena M. Dimopoulos, Kamran A.

Memon, Kevin R. Vodak, Law Offices of Edward T. Stein, Chicago, IL, for Dennis Daniels, Eleanor Baylie, Gerard Brice, Charles M. Carson, Alice R. Dixon, Cedell C. Johnson, Lorraine E. Matthews, Phyllis King, individually and on behalf of all other persons similarly situated, plaintiffs.

Cecile L. Singer, Attorney at Law, Elena M. Dimopoulos, Kamran A. Memon, Kevin R. Vodak, Law Offices of Edward T. Stein, Chicago, IL, for Marsha T. Daniels, Janice C. Harrison, Adriane D. McCoy, Arnold Pugh, Leydell Smith, Frances L. Smith, individually and on behalf of all other persons similarly situated, plaintiffs.

Elizabeth Ann Knospe, Anna M. Voytovich, Federal Reserve Bank of Chicago, Thomas G. Abram, Nina G. Stillman, James Edwin Bayles, Jr., Vedder, Price, Kaufman & Kammholz, Chicago, IL, Amy Pope Brock, Quarles & Brady, Milwaukee, WI, for Federal Reserve Bank of Chicago, defendant.

## MEMORANDUM AND ORDER

HIBBLER, District Judge.

This Court now addresses the motions in the above cause of action. The plaintiff, Dennis Daniels, has filed an Amended Complaint alleging violations of 42 U.S.C. § 1981and 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991. Plaintiff has filed a Motion for Class Certification (doc. # 39). The defendant, Federal Reserve Bank of Chicago ("Bank"), has filed a Motion to Dismiss the § 1981 claims (doc. # 48) and a Motion to Strike portions of Plaintiffs' Class Certification Reply (doc. # 56). These issues, being fully briefed, are now ripe for ruling.

## BACKGROUND

■ With regard to motions for class certification, courts do not examine the merits of the case. *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177–78, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). Motions to dismiss should not be granted "unless it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). When evaluating these motions, this Court must accept all well-pleaded allegations made in support of the complaint and motion for class certification as true. *Jefferson v. Security Pac. Fin. Servs., Inc.,* 161 F.R.D. 63, 66 (N.D.Ill.1995); *Cornfield v. Consolidated High Sch. Dist. 230,* 991 F.2d 1316, 1324 (7th Cir.1993). With that in mind, the following recitation of the facts is derived from the plaintiffs' Amended Complaint.

The plaintiffs, current and former employees of the Bank, have brought this suit alleging employment discrimination and violations of their civil rights. Plaintiffs claim that the Bank has a pervasive pattern and practice of discriminating against African–Americans in all aspects of employment. Plaintiffs claim that they have been denied promotions, excluded from management level positions, paid lower wages, subjected to discrimination with respect to the terms and conditions of employment, terminated and retaliated against in violation of the Civil Rights Act. Plaintiffs also claim that the Bank was aware of the discrimination, yet failed and refused to implement measures to ensure equal opportunities for African–American employees. The plaintiff seeks to certify a class of individuals, all Black African–Americans who were or are employed at the Federal Reserve Bank of Chicago below the Officer level from 1964 to present. The defendant opposes this motion and has moved to dismiss the § 1981 claim.

## I. PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

The plaintiffs request an order determining that this cause of action proceed as a class action against the defendant. Plaintiffs assert that they have met the requirements of Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs further claim that a class action is the appropriate tool for the adjudication of this action. The defendant maintains that Plaintiffs have failed to meet

the requirements of Rule 23 and therefore, this Court should deny the motion for class certification. The defendant alleges that the plaintiffs' claims are neither common, nor are they typical of the putative class members. Lastly, Defendant asserts that because compensatory and punitive damages are sought, Rule 23(b)(2) class certification is improper.

■ Rule 23 of the Federal Rules ,of Civil Procedure govern class actions. Where a plaintiff seeks class certification, the court should not consider the merits of the case. *Retired Chicago Police Association v. City of Chicago,* 7 F.3d 584, 598 (7th Cir.1993). Plaintiffs seeking class certification bear the burden of proving the action satisfies the four requirements of Rule 23(a), "the plaintiff must meet· the prerequisites of numerosity, commonality, typicality, and adequacy of representation." *Harriston v. Chicago Tribune Co.,* 992 F.2d 697, 703 (7th Cir.1993). "All of these elements are prerequisites to certification; failure to meet any one of these precludes certification as a class." *Retired Chicago Police Ass'n,* 7 F.3d at 596; *Harriston,* 992 F.2d at 703. Once the requirements of Rule 23(a) are met, then the plaintiffs must satisfy one of the conditions of Rule 23(b). *Alliance to End Repression v. Rochford,* 565 F.2d 975, 977 (7th Cir.1977). In this case, the plaintiffs maintain that Rule 23(b)(2) applies.[1] Finally, the plaintiffs bear the burden of establishing that class certification is proper. *Retired Chicago Police Ass'n,* 7 F.3d at 596.

### A. RULE 23(a)

#### 1. Numerosity

■ Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P 23(a)(1). The plaintiffs must provide some evidence or reasonable estimate of the number of class members, however, if the plaintiffs are un-

able to provide exact numbers, a good faith effort is sufficient to establish the number of class members. *Long v. Thornton Township High Sch. Dist. 205,* 82 F.R.D. 186, 189 (N.D.Ill.1979). In this case, the plaintiffs assert that common sense dictates that the numerosity requirement is met. The defendant does not contest this assertion. Therefore, this Court finds that the first requirement of Rule 23(a) is met.

#### 2. Commonality

■ Rule 23(a)(2) requires that in order to sustain a class certification, questions of law or fact common to the class must be present. A "common nucleus of operative fact" is generally sufficient to satisfy this second requirement. *Rosario v. Livaditis,* 963 F.2d 1013, 1018 (7th Cir.1992). The fact that some factual variation exists between the class members' claims will not preclude certification. *Id.* at 1017. A common nucleus of operative fact is usually found where the defendant has engaged in some standardized conduct toward the proposed class members. *Chandler v. Southwest Jeep–Eagle, Inc.,* 162 F.R.D. 302, 307 (N.D.Ill.1995) (citing *Franklin v. City of Chicago,* 102 F.R.D. 944, 949–50 (N.D.Ill.1984)). While it is true that in cases such as this, common questions of law and fact are usually present because "suits alleging racial or ethnic discrimination are often by the very nature class suits, involving classwide wrongs, ... the mere fact that a complaint alleges racial or ethnic discrimination does not in itself ensure that the party who has brought the lawsuit will be an adequate representative of those who may have been the real victims of that discrimination." *General Telephone Co. v. Falcon,* 457 U.S. 147, 157, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982).

Defendant maintains that the plaintiff has failed to meet the commonality requirement. It is the defendant's contention that questions of fact exist with regard to individual

---

1. Rule 23(b)(2) requires a showing that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." *Buycks–Roberson v. Citibank Fed. Sav. Bank,* 162 F.R.D. 322, 335 (N.D.Ill 1995).

members of the class. Additionally, the defendant maintains that because the jobs which the plaintiffs held and the type of claims which they raise are so diverse, the commonality requirement cannot be satisfied. Plaintiffs counter this argument by claiming that the question of law common to the potential class which predominate over any individual issues raised by the defendants is: has the Federal Reserve Bank of Chicago engaged in a discriminatory pattern or practice of discrimination toward its Black African–American employees, in violation of 42 U.S.C. § 1981 and 42 U.S.C. § 2000e. *Pls.' Mem. in Supp. of Mot. for Class Cert.* at 5–6. In other words, Plaintiffs allege that the defendant engaged in a pattern and practice of discriminating against its African–American employees across the board, irrespective of job description and title. At the heart of Plaintiffs' motion is the allegation that the Bank denied promotions to its African–American employees, and this issue is common to all of the putative class members.

■ The fact that the defendant engaged in standardized conduct by failing to promote its African–American employees supports a finding of a common nucleus of operative fact. *Keele v. Wexler,* 149 F.3d 589, 594 (7th Cir.1998); *see also Chandler,* 162 F.R.D. at 308. Given the fact that commonality should be found where the defendant has engaged in some standardized conduct toward the proposed class members, this Court finds that the commonality prong of Rule 23(a)(2) has been met.

### 3. Typicality

■ The issue of typicality is closely related to that of commonality. *Rosario v. Livaditis,* 963 F.2d 1013, 1018 (7th Cir.1992). A "plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *De La Fuente v. Stokely–Van Camp, Inc.,* 713 F.2d 225, 232 (7th Cir.1983) (citations and internal quotation omitted). Rule 23(a)(3) does not

mandate that each proposed class member suffer the same injury as the class representative. *Rosario,* 963 F.2d at 1018; *De La Fuente,* 713 F.2d at 232. Typicality may be found even in instances where "there are factual distinctions between the claims of the named plaintiffs and those of the other class members." *De La Fuente,* 713 F.2d at 232. "Instead we look to the defendant's conduct and the plaintiff's legal theory to satisfy Rule 23(a)(3)." *Rosario,* 963 F.2d at 1018 (citing *De La Fuente,* 713 F.2d at 233). In other words, for class certification purposes, "a named plaintiff need not have suffered precisely the same injury as every member of the class, so long as he has been adversely affected by the same practice or policy, therefore, the court must focus on the nature of the class claims and whether they are 'fairly encompassed by the named plaintiff's claims.' " *Koski v. Gainer,* No. 92 C 3293, 1993 WL 153828, at *2 (N.D.Ill. May 6, 1993) (citing *General Telephone Co. of the Northwest v. EEOC,* 446 U.S. 318, 330, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980)).

The defendant attempts to allege that the plaintiffs' motion for class certification should be denied because promotion, salary determinations, and termination decisions are made within each of the Bank's departments, independently of other departments with a limited centralized oversight. Defendant also argues that the types of jobs Plaintiffs held are too diverse to satisfy commonality and typicality. Next, Defendant maintains that the types of claims that Plaintiffs allege are too widely varied to satisfy commonality and typicality. Finally, Defendant asserts that Plaintiffs fail to show the existence of a class. It is the defendant's contention that because the plaintiffs' allegations arise form disparate events they cannot be typical of the class. The plaintiffs' reply that they have in fact alleged claims sufficient to satisfy commonality and typicality under Rule 23(a)(1) and (2) and should therefore be allowed to bring this case as a class action.

■ In this case, the parties dispute whether the decisions to promote and termi-

nate were made by one centralized unit, namely Human Resources, or whether individual department managers made those decisions. While Defendant claims that the class cannot be certified because the Bank does not have common, centralized decision makers, "the factual variations in plaintiffs' methods of business operation does not dilute the typicality of their common claim of [discrimination.]" *In re Brand Name Prescription Drugs,* Nos. 94 C 897, MDL 997, 1994 WL 663590, at *3 (N.D.Ill. Nov. 18, 1994). In fact, "where the subjective decisions of [the Bank's] employees allow [the Bank] to systematically discriminate on the basis of race ... when choosing among minimally qualified applicant, common issues of law and fact exist regardless of individual differences." *Buycks–Roberson,* 162 F.R.D. at 330. Whether the management decisions originated from a common decision maker or individual department heads is of little consequence, "[s]ince the named plaintiffs have allegedly suffered various forms of employment discrimination, they share common factual and legal issues with other black employees who were or are subject to these alleged policies of discrimination." *Lawson v. Metropolitan Sanitary District,* 102 F.R.D. 783, 792 (N.D.Ill.1983). It is because "the named representatives' claims have the 'same essential characteristics' as the potential class, i.e. they were African–Americans who were allegedly denied [promotions] based upon their race," that certification is proper. *Buycks–Roberson,* 162 F.R.D. at 333. Because this Court, has focused on the Bank's standard conduct toward the minority plaintiffs, the Court now finds that the allegedly discriminatory conduct caused a common injury typical of the class claims as required by Rule 23(a)(3). *Id.* at 332.

#### 4. Adequacy of Representation

The final prerequisite of Rule 23(a) is that the named plaintiff be an adequate representative of the class. Defendants do not contest that Plaintiffs will fairly and adequately protect the interest of the class. Therefore, this Court does not address the adequacy of representation, and presumes that Plaintiffs adequate representatives.

### B. RULE 23(b)(2)

■ Rule 23(b)(2) provides that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief with respect to the class as a whole." Fed.R.Civ.P. 23(b)(2). Rule 23(b)(2) generally "is invoked in cases where injunctive or declaratory relief is the primary or exclusive relief sought." *Buycks–Roberson,* 162 F.R.D. at 335. Therefore, "the primary limitation on the use of Rule 23(b)(2) is the requirement that injunctive or declaratory relief be the predominant remedy requested for the class members." *Doe v. Guardian Life Ins. Co. of Am.,* 145 F.R.D. 466, 477 (N.D.Ill.1992).

■ "A Rule 23(b)(2) class is especially appropriate for the type of action before the court as the gravamen of the ... Amended Complaint is the elimination of discriminatory employment practices. Monetary relief is claimed, but such is tangential to the desired injunctive or declaratory relief." *Lawson,* 102 F.R.D. at 793. "It is apparent that, according to the allegations in the complaint, defendant has acted on grounds generally applicable to the class. It is also apparent that the setting is appropriate for final injunctive or declaratory relief as to the class." *Koski,* 1993 WL 153828, at *5. Therefore, Plaintiff's Motion for Class Certification (doc. # 39) is **GRANTED**.

### II. MOTION TO DISMISS

In ruling on a motion to dismiss, this Court must presume all well-pleaded allegations of the plaintiff's Second Amended Complaint to be true. *Miree v. DeKalb County,* 433 U.S. 25, 27 n. 2, 97 S.Ct. 2490, 53 L.Ed.2d 557 (1977). Those allegations must be construed in a light most favorable to the plaintiff. *Gomez v. Illinois State Bd. Of Educ.,* 811 F.2d 1030, 1039 (7th Cir.1987). Dismissal should not be granted unless it appears beyond a reasonable doubt that the plaintiff can

prove no set of facts which would support his claim and entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Defendant argues that the plaintiffs have failed to state a claim upon which relief may be granted on the § 1981 claim, and accordingly, that count should be dismissed under Rule 12(b)(6).

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint, not the merits of the suit. *Triad Associates, Inc. v. Chicago Housing Authority,* 892 F.2d 583, 586 (7th Cir.1989). The defendant bears the burden of proving "beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley,* 355 U.S. at 45–46, 78 S.Ct. 99. "The system of notice pleading embodied in the federal rules does not favor dismissals for failure to state a claim." *Cox v. Joe Rizza Ford, Inc.,* No. 94C5688, 1996 WL 65994, *2 (N.D.Ill. Feb. 9, 1996) (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

In this case, the defendant argues that this Court should dismiss the plaintiffs' § 1981 claim because, it is their belief that unless the plaintiffs prove the existence of a contract, their claims must fail. The defendant contends that because the plaintiffs were at-will employees, they cannot allege the existence of a contract. Finally, the defendant asserts that the plaintiffs' § 1981 claim must fail because employees of the Federal Reserve Bank cannot have a contractual employment relationship.

■■■■ Section 1981 governs contractual relationships and provides "[a]ll persons...shall have the same right... to make and enforce contracts...for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981. Defendant argues that because Plaintiffs were at-will employees, they do not have a cognizable contract. Plaintiffs counter that even though their employment was at will, they have a protected contract under § 1981. Therefore, the is issue before this Court is whether an at will employee may state a claim under

§ 1981. The employment at will doctrine allows an employer "to discharge an employee at will for any reasons or for no reasons, except when the discharge violates clearly mandated public policy." *Talley v. Washington Inventory Service,* 37 F.3d 310, 311 (7th Cir.1994). Although the Seventh Circuit has not squarely addressed the issue of whether employment at will provides a sufficient contractual relationship, two other courts of appeals have decided that at will contracts can support a § 1981. *Spriggs v. Diamond Auto Glass,* 165 F.3d 1015 (4th Cir.1999); *Fadeyi v. Planned Parenthood Assoc. of Lubbock, Inc.,* 160 F.3d 1048 (5th Cir.1998). In reaching their decisions, both *Spriggs* and *Fadeyi* relied on *McKnight v. General Motors Corp.,* 908 F.2d 104 (7th Cir.1990). In *McKnight,* the court explicitly stated, "[e]mployment at will is not a state of nature but a continuing contractual relation....A contract for employment at will may end abruptly but it is a real and continuing contract nonetheless...." *Id.* at 109. Although, there is existing precedent in this district to the contrary, *See Payne v. Abbott Laboratories,* No. 97C3882, 1999 WL 116208 (N.D.Ill. March 2, 1999); this Court concludes that Plaintiffs may maintain a § 1981 claim even though they were employees at will. *Riad v. 520 S. Michigan Avenue Assoc. Ltd.,* 78 F.Supp.2d 748 (N.D.Ill.1999); *Daniels v. Nationwide Ins.,* No 99C757, 1999 WL 495649 (N.D.Ill. June 28, 1999); *Jones v. SABIS Educational Systems, Inc.,* 52 F.Supp.2d 868 (N.D.Ill. 1999).

Finally, the Bank claims that Plaintiffs' § 1981 claims must fail because employees of the Federal Reserve Bank cannot allege the existence of a contract because they are prohibited from forming employment contracts. The Bank cites *Jaffe v. Federal Reserve Bank of Chicago,* 586 F.Supp. 106 (N.D.Ill. 1984). The plaintiffs contest this assertion claiming that at will employment with the Bank is no different than that of any other employer under § 1981. In *Jaffe,* Judge Shadur stated that "plaintiff cannot merely invoke his race in the course of a claim's narrative and automatically be entitled to

pursue relief under Section 1981. Rather, he must allege sine facts that demonstrate that his race was the reason for defendants' actions." *Id.* at 109 (internal citation and quotation omitted). Judge Shadur then went on to dismiss Jaffe's claim *without prejudice* with leave to reclaim the § 1981 with a sufficient factual basis for the allegation. Defendant's reliance on *Jaffe* for the proposition that the Federal Reserve Bank cannot be sued under § 1981 is misplaced.

## CONCLUSION

Therefore, this Court, having addressed the pending motions in this case now rules. Plaintiffs' Motion for Class Certification (doc. # 39) is **GRANTED**. Defendants' Motion to Dismiss (# 48) is hereby **DENIED**. Defendant's Motion to Strike (doc. # 56) is **DENIED**.

## ORDER

■ Before this Court is Defendant's Motion for Reconsideration (doc. # 70). Defendant asks this Court to reconsider its March 28, 2000 Memorandum and Order which certified the litigation to proceed as a class of "All Black African–Americans who were or are employed at the Federal Reserve Bank of Chicago below the Officer level from 1964 to the present." Defendant filed its Rule 59(e) motion asking the Court to reconsider the scope of the class. "The only grounds for a Rule 59(e) motion . . . are newly discovered evidence, an intervening change in the controlling law, and a manifest error of law." *Cosgrove v. Bartolotta,* 150 F.3d 729, 732 (7th Cir.1998). Defendant maintains that this Court made a manifest error of law, which in conjunction with a change in the facts since the Court's ruling, requires modification of the Plaintiff class. Upon reconsideration, this Court finds that the class is in fact too broad, and accordingly the class is modified.

■ Defendant claims that even though Plaintiff sought certification under Rule 23(b)(2)'s injunctive and declaratory re-

lief provision, Plaintiff are seeking compensatory damages in the amount of $50–$100 million. *Chicago Fed Bias Suit Reach is Widened,* Chi. Trib., Mar. 31, 2000, at § 3, p.1. It is clear that "[w]hen substantial damages have been sought, the most appropriate approach is that of Rule 23(b)(3), because it allows notice and an opportunity to opt out." *Jefferson v. Ingersoll Intern. Inc.,* 195 F.3d 894, 898 (7th Cir.1999). There can be no doubt that damages in the amount of $50 million or more are substantial, and this Court is disturbed by Plaintiffs' characterization of the damages as incidental to the equitable relief sought. In light of this new evidence and because "class members' right to opt out should be preserved whenever possible," *Id.* at 899, this Court finds that Rule 23(b)(3) is the appropriate means of certification.

■ Defendant claims that only those individuals who suffered an act of § 1981 discrimination on or after February 26, 1996 could have filed a timely suit. Plaintiff counters that the continuing violation doctrine applies such that all claims from 1964 to the present are properly before the Court. "It is not necessary that each class member have filed a charge with the EEOC; however, *only those who could have filed a charge at or after the time the charge was filed can be included in the class." Movement for Opportunity & Equality v. General Motors Corp.,* 622 F.2d 1235, 1248 (7th Cir.1980) (emphasis added). Plaintiffs' reliance on the continuing violation doctrine is misplaced because it is "properly applicable only to include earlier claims for individuals, not to add new parties." *EEOC v. Harvey L. Walner & Assoc.,* No. 95C1355, 1995 WL 470233, at *5 (N.D.Ill. Aug. 7, 1995). In fact, "the 'pattern and practice' of discrimination proposed by [Plaintiffs] is comprised of a series of recognizable and independently actionable occurrences which are weaved together allegedly to reveal a continuing course of improper conduct. Such a conglomeration of individual charges is not the type of 'continuing violation' which would permit this Court to consider the stale claims of parties who elect-

ed not to filed charges with the EEOC within the requisite [limitations period]." *Id.* at *6. Because "individuals with time-barred claims may not be included within a proposed class," only those who could have filed charges with the EEOC on or after February 26, 1996 may be included. *Sample v. Aldi Inc.*; No. 93C3094, 1994 WL 48780, at *4 (N.D.Ill. Feb. 15, 1994).

Finally, Defendant argues that the class should be limited to only claims of failure to promote non-managers in the Chicago office. "[F]or purposes of class certification, it is generally true that supervisory and nonsupervisory employees should not be placed in the same class." *Sample*, 1994 WL 48780, at *4. Furthermore, "[t]he existence of separate divisions or departments does not negate the possibility of company-wide discrimination. However, a pervasive discriminatory policy cannot be presumed based on discrimination within one particular division." *Id.* at *5. In this case, Plaintiffs have failed to allege that discrimination took place outside of the Chicago office. Even though Plaintiffs raise other claims, this Court found that issues regarding failure to promote were common to the class, therefore, those are the only claims suitable for the class.

IT IS SO ORDERED.